ALFRED SCROGGINS v. THE STATE.

No. 9790.    Delivered October 21, 1925.

**Theft—Indictment—Allegations Held Sufficient.**

> Where an indictment charging theft alleges the "fraudulent intent to appropriate same to the use and benefit of him, the said defendant" without naming the defendant is held sufficient.   See Art. 25 of our P. C.

Appeal from the County Court at Law No. 1 of Tarrant county. Tried below before the Hon. P. W. Seward, Judge.

Appeal from a conviction of a misdemeanor theft; penalty, one year in the county jail.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant pleaded guilty in County Court at Law No. 1 of Tarrant County to misdemeanor theft, and his punishment was fixed at one year in the county jail.

Appellant made a motion in arrest of judgment based on the proposition that the complaint and information were insufficient and void because same charged that "Alfred Scroggins did then and there fraudulently take from ———— a suit of clothes of the value of ———— with the intent then and there to fraudulently appropriate same to the use and benefit of him, *the said defendant,*" it being insisted that the use of the word "defendant" in this connection and at this stage of the proceeding was premature, indefinite, uncertain and not sufficiently descriptive of the accused.

Art. 25 of our P. C., sufficiently answers this contention in that it states that the word "accused" is intended to refer to any person who is held to answer for any offense at any stage of the proceeding . . . and further says that the word "defendant" is used in the same sense.  There is no judgment of facts or bill of exceptions in the record.

The judgment will be affirmed.

*Affirmed.*